# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JERRI JONES**                                                                                          **PLAINTIFF**

**V.**                          **CASE NO. 3:20-CV-00193-JTK**

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                            **DEFENDANT**

## ORDER

### I. Introduction:

Plaintiff, Jerri Jones ("Jones"), applied for disability insurance benefits on June 2, 2017, alleging a disability onset date of September 1, 2012. (Tr. at 15). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Jones's application. (Tr. at 23). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Jones has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Jones had not engaged in substantial gainful activity during the period beginning on September 1, 2012 and ending on December 31, 2013 (the date last insured). (Tr. at 17). The ALJ found, at Step Two of the sequential five-step analysis, that Jones had the following severe impairments: degenerative disc disease of the cervical spine, status post C3 and C5 fusion, history of breast cancer in remission status post double mastectomy, peptic ulcer disease, medullary sponge kidney with kidney stones, and obesity. *Id*.

After finding that Jones's impairments did not meet or equal a listed impairment (Tr. at

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

18), the ALJ determined that Jones had the RFC to perform work at the sedentary exertional level, except that she could only occasionally reach overhead bilaterally and only occasionally perform gross and fine manipulation with the right hand. *Id.*

The ALJ found that Jones was unable to perform any past relevant work. (Tr. at 21). Relying upon VE testimony, the ALJ found that, based on Jones's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 22-23). Therefore, the ALJ found that Jones was not disabled. *Id.*

### III. <u>Discussion</u>:

#### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

#### B. Jones's Arguments on Appeal

Jones contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ did not give proper consideration to the opinion of treating physician Travis Richardson, M.D., and that he did not properly analyze Jones's subjective

2

complaints. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017). *See Phillips v. Saul*, No 1:19-CV-00034-BD, at *4 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

Among other things, Jones suffered from back and neck pain, which she treated conservatively with medications, injections, and physical therapy. Ultimately, after failing conservative treatment, Dr. Richardson performed a cervical decompression fusion on October 24, 2017. (Tr. at 1489-1505). November 1, 2017, Jones reported she was feeling well. (Tr. at 1339-1340). While Jones was having some pain, Dr. Richardson wrote, on November 10, 2017, that she was doing well after surgery. (Tr. at 1415-1476). He did say that she may need to have future surgeries if conservative care did not solve her problems.

While the relevant time-period ended on December 31, 2017, later records showed a stable fusion; and by March 2018, Jones's neck pain was minor and she was encouraged to start a home exercise program. (Tr. at 431, 1397-1399). Dr. Richardson had advised Jones that she may

3

experience neck pain for her entire life, but he tried conservative injections and medication management. (1688-1691). In December 2018, after Jones reported increased pain in her neck, Dr. Richardson performed a second surgery. (Tr. at 1769-1772). Thereafter, Jones said that her pain was minimal and Dr. Richardson continued her on Percocet. (Tr. at 1821-1823). On January 14, 2019, Jones said she was doing well. (Tr. at 1817-1821). In March 2019, Dr. Richardson noted that Jones's pain was controlled and he continued conservative care. (Tr. at 1793-1797).

Dr. Richardson filled out a medical opinion form on November 29, 2017, about a month after Jones's first surgery. (Tr. at 1393-1395). In the short checkbox form, he said that she would not be capable of even sedentary work and would miss more than three days of work per month. *Id*. He said side effects from medication made Jones feel drowsy and sedated. *Id*.

The ALJ wrote that this opinion was only somewhat persuasive, because the opinion was written only a month after Jones's surgery, records showed improvement over time, and some of Jones's symptoms of pain resolved. (Tr. at 21). The ALJ said that "the record is not fully consistent with and does not fully support [Dr. Richardson's] opinion." *Id*. This analysis clears the bar for evaluation of medical opinions. An ALJ need not cite exhaustively to reasons for how he assessed medical opinions.

Elsewhere in the opinion, the ALJ discussed objective imaging results, the nature of Jones's pain, and the opinions of the two Disability Determination Services medical experts, who found that Jones's physical impairments translated to an RFC for light work. (Tr. at 20, 102-104, 127-128). The ALJ explained that those opinions were only somewhat persuasive and so, he reduced the RFC down to sedentary; this indicates he gave credit to Jones's subjective complaints. (Tr. at 18-20). It should also be noted that short conclusory checkbox opinions, like Dr. Richardson's,

4

may properly be discounted, if they are conclusory or unsupported by relevant medical evidence. *See Thomas v. Berryhill*, 881 F.3d 672, 675-676 (8th Cir. 2018). The ALJ did not err with respect to Dr. Richardson's opinion.[2]

Jones contends that the ALJ's discussion of her subjective complaints was incomplete, and therefore, she urges reversal. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). The ALJ need not explicitly discuss each factor, or mention the seminal case of *Polaski v. Heckler*, 739 F.22d 1320 (8th Cir. 1984). A district court should defer to the ALJ's judgment even if the ALJ did not elaborate fully on all of the factors. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005); *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011).

In this case, the ALJ discussed, albeit briefly, the extent and nature of Jones's pain, he mentioned her problems doing daily activities, and he cited to improvement with treatment. (Tr. at 18-20). He wrote about objective imaging results, clinic notes, and doctors' opinions. *Id*. And he limited Jones to the lowest exertional level of work, with additional reaching and manipulative limitations. (Tr. at 18). The opinion as a whole reflects that the ALJ fully considered Jones's subjective complaints.

---

[2] Jones had to show she was disabled prior to December 31, 2017, her date last insured. The ALJ fully considered the relevant evidence before that date, and also properly noted improvement in her condition subsequent to the date last insured. If Jones thinks she was disabled after December 31, 2017, she may file another application.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered Dr. Richardson's opinion and Jones's subjective complaints. The finding that Jones was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 14th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE